IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SHELIGA,           :
    Plaintiff                :
  v.                        : Case No. 3:23-cv-139-KRG-KAP
WINDBER BOROUGH, *et al.*,  :
    Defendants               :

<u>Memorandum Order</u>

    Plaintiff Sheliga filed a complaint against defendants Windber Borough, a Windber police officer, and a former Windber police officer, in June 2023. There were four claims in the complaint: a claim of malicious prosecution stemming from plaintiff's alleged arrest (not alleged to have been by a named defendant) in June 2019, and three claims of violations of the First Amendment that arose from alleged threats of arrest by one of the named defendants, once on December 16, 2022, and twice on December 19, 2022, when plaintiff alleged he was engaged in door-to-door canvassing about an upcoming election. Defendants moved to dismiss the complaint in September 2023, Motion at ECF no. 10, Brief at ECF no. 11, and plaintiff replied at ECF no. 12, Brief at ECF no. 13.

    I was added to the case in October 2023, after plaintiff filed a motion at ECF no. 15 for a temporary restraining order or preliminary injunction alleging that he feared arrest if he engaged in door to door canvassing in Windber about the election scheduled for November 7, 2023. Because this did not become a consent case I referred the motion for injunctive relief at ECF no. 15 back to the Court. The Court held a hearing and denied injunctive relief on November 1, 2023. ECF no. 31. Plaintiff appealed to the Third Circuit.

    Although the mandate will not be received for a little while yet, this month the Court of Appeals affirmed the denial of injunctive relief, at <u>Sheliga v. Borough of Windber</u>, No. 23-2998, 2024 WL 5088109, at *1 (3d Cir. Dec. 12, 2024). In the course of doing so the Court of Appeals made or affirmed findings of fact that are law of the case. Meanwhile, a criminal prosecution that arose out of an arrest on December 20, 2022 (not by a named defendant) proceeded until it was *nol prossed* a month ago by the District Attorney of Somerset County. That has spawned its own lawsuit, <u>Sheliga v. Frear</u>, 24-cv-300-SLH (W.D.Pa.), alleging similar First Amendment and malicious prosecution claims.

    In <u>Sheliga v. Frear</u>, plaintiff seeks compensatory and punitive damages as well as injunctive relief. In this earlier complaint, however, plaintiff sought only costs of suit, some of which are not taxable (taxable costs are enumerated in 28 U.S.C.§ 1920, and do not include "travel costs" or "reimbursement for driving time"), injunctive relief, declaratory relief, and "damages of $1 for irreparable harm."

The Court of Appeals has finally decided the question of injunctive relief, and done so adversely to plaintiff. The claims regarding the 2023 election were dismissed as moot, and as for prospective relief, the appellate panel held:

Upon review, we agree with the District Court that Miller [sic] did not show that he is likely to suffer harm in the absence of injunctive relief.

Sheliga v. Borough of Windber, *supra*, at *2. For this Court to have jurisdiction over this case, not only was it necessary for there to be an actual controversy at the outset of litigation, but that controversy must continue throughout its course. Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997). *See also* Camreta v. Greene, 563 U.S. 692, 711 (2011) ("When subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur we have no live controversy to review." (cleaned up, citations omitted)). In large part the matter is moot.

Plaintiff's request for declaratory relief is certainly moot because a declaratory judgment is a forward-looking remedy, and there is no live case or controversy with respect to any declaratory relief that can be sought. Judge Sloviter, writing for the Court of Appeals a quarter of a century ago, explained:

A declaratory judgment or injunction can issue only when the constitutional standing requirements of a "case" or "controversy" are met. *See* U.S. Const., art. III, § 2; *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Although declaratory judgments are frequently sought in advance of the full harm expected, they must still present a justiciable controversy rather than "abstract, hypothetical or contingent questions." *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945). We have explained that these standing requirements are satisfied when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Step–Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir.1990) (quoting *Maryland Casualty*, 312 U.S. at 273, 61 S.Ct. 510).

St. Thomas--St. John Hotel & Tourism Association, Inc. v. Government of U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir. 2000). Past injury confers no standing to seek declaratory relief any more than it confers standing to seek injunctive relief. To have standing to seek declaratory relief plaintiff needed to allege facts that would "establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]" Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987), *quoting* City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). *See also* Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 483 (3d Cir. 2019). He did not do that.

Declaratory relief is unavailable for the purpose of obtaining a determination that an opposing party's past conduct was wrong. Taggart v. Saltz, 855 Fed.Appx. 812, 815 (3d Cir. 2021), citing Waller v. Hanlon, 922 F.3d 590, 603 (5th Cir. 2019). Waller v. Hanlon, in turn, at 922 F.3d 603–04, cited Ashcroft v. Mattis, 431 U.S. 171, 172 (1977) (*per curiam*). The Supreme Court made it clear that where a plaintiff alleges only past injury, a plaintiff has no standing to seek declaratory relief because no present legal right is at stake. In Ashcroft v. Mattis, Mattis' 18-year-old son was shot and killed by police while attempting to escape arrest, and Mattis filed suit in federal court for money damages and a declaratory judgment that the Missouri statute authorizing the use of deadly force was unconstitutional. The damages claim was dismissed without appeal. The Supreme Court held that since the liability of the police officers had been finally decided, neither the academic value of answering hypothetical questions nor the emotional satisfaction to a successful party from a favorable ruling gave a federal court jurisdiction to issue a declaratory judgment about whether the use of force statute was constitutional. *See* Ashcroft v. Mattis, 431 U.S. at 172-73. That applies with full force to plaintiff's claims.

That leaves the request for nominal damages "of $1 for irreparable harm." Although the logic of the matter compels a conclusion that a claim for nominal damages is equally a moot one, *see* the concurring opinion in Freedom from Religion Found. Inc. v. New Kensington Arnold School District, 832 F.3d 469, 484-88 (3d Cir. 2016), plenty of precedent holds that the prayer for nominal damages saves this case from being completely moot. That does not mean common sense should not prevail, and I note that plaintiff even offered to drop the "token" (Plaintiff's Brief at 14) nominal damages claim. What is left here is the prospect of protracted litigation, appeals included, over a maximum recovery of $1 for "irreparable harm" that the Court of Appeals said does not exist. *See* Sheliga v. Borough of Windber, supra, 2024 WL 5088109, at *2: "In particular, [plaintiff] did not show that he faced a real and immediate threat that he would be arrested merely for engaging in door-to-door canvassing." I cannot force the defendants to make an offer of judgment under Rule 68, and if defendants made an $1 offer of judgment under Rule 68 I cannot force plaintiff to take it. But I suggest that they turn their attention from this sideshow and focus on Sheliga v. Frear.

If that course does not commend itself to the parties, then it is clear that the motion to dismiss brings in matters extraneous to the pleadings and should be considered under the standards for awarding summary judgment. In that connection, Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) give this Court the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden

3

v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties). I so notify the parties. They may file any specific motion under Rule 56(d) explaining what limited discovery they need, but the parties shall, on or before January 31, 2025, come forth with all evidence (they need not duplicate exhibits already presented) showing that there is a genuine issue of fact for trial as to any issue. With respect to Windber Borough, the parties are specifically required to address what evidence exists that any actions by the individual defendants (or by nondefendant Schrader) were pursuant to a custom or policy of the borough, given the law of the case that Windber Borough has no relevant ordinance. *See* ECF no. 31 at 14.

      I will, if necessary, then file a Report and Recommendation to which the parties can file objections pursuant to 28 U.S.C.§ 636(b)(1).

DATE:  December 31, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to parties or their counsel